IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV58-1-MU

| | |
|---|---|
| CHRISTOPHER M. COWAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN KELLER, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of the Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), filed May 15, 2009.

As an initial matter, the Court notes that a petition for a writ of habeas corpus requires a filing fee of $5.00. Petitioner has failed to pay the filing fee or to file an application to proceed <u>in forma pauperis</u>. Consequently, Petitioner's federal habeas petition could be dismissed on this basis.

However, even if Petitioner had paid his fee or requested pauper status, Petitioner has not fully exhausted his state remedies. A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). This "one full opportunity" includes filing

petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he directly appealed his case to the North Carolina Court of Appeals where it was denied on May 20, 2008. Petitioner further indicates that he then petitioned the North Carolina Supreme Court for discretionary review and that to date his petition is still pending. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process.

Petitioner also indicates on his petition form that he filed a Motion for Appropriate Relief (MAR) on April 6, 2009, that was denied on May 4, 2009. Petitioner further indicates that he has filed a petition for writ of certiorari with the North Carolina Court of Appeals challenging the denial of his MAR and that this filing is still pending. Petitioner has therefore not exhausted his claims through the state post-conviction process.

The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice.

Signed: May 28, 2009

Graham C. Mullen
United States District Judge